IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| ROADIE, INC., <br><br> Plaintiff, <br><br> v. <br><br> BAGGAGE AIRLINE GUEST SERVICES, INC., and BAGS, INC., <br><br> Defendants. | C.A. No. _____ <br><br> **JURY TRIAL DEMANDED** |

## COMPLAINT FOR DECLARATORY JUDGMENT

Plaintiff Roadie, Inc. ("Roadie") hereby asserts the following claims against Defendants Baggage Airline Guest Services, Inc. ("Baggage") and Bags, Inc. ("Bags"), and alleges as follows:

### NATURE OF THE ACTION

1. This is a declaratory judgment action arising under the Declaratory Judgment Act, 28 U.S.C. § 2201 et. seq., and the Patent Laws of the United States, 35 U.S.C. § 1, et seq. Roadie seeks a declaration of non-infringement, invalidity, and/or unenforceability of U.S. Patent No. 9,659,336 ("the '336 patent"). A true and correct copy of the '336 patent is attached hereto as Exhibit A.

### THE PARTIES

2. Plaintiff Roadie is a Delaware corporation with its principal place of business at 3565 Piedmont Road, NE, Atlanta, Georgia 30305.

3. Upon information and belief, Defendant Baggage is a Florida corporation with a principal place of business at 6751 Forum Drive, Suite 200, Orlando, Florida 32821.

4. Upon information and belief, Defendant Bags is a Florida corporation with a principal place of business at 6751 Forum Drive, Suite 200, Orlando, Florida 32821.

## JURISDICTION AND VENUE

5. The Court has original jurisdiction over the claims because they arise under 28 U.S.C. §§ 2201 (declaratory judgment), 1331 (federal question), and 1338 (Patent Act).

6. Venue is proper under 28 U.S.C. §§ 1391 and 1400 because Baggage and Bags do substantial business in this district and a substantial part of the events or omissions giving rise to the claim occurred in this district.  This Court has personal jurisdiction over Baggage and Bags because they have sufficient minimum contacts to establish personal jurisdiction in this district. On information and belief, Baggage and Bags have purposely availed themselves of the privilege of conducting activities in this district and invoked the benefits and protection of this district by having substantial contacts and regularly and purposefully conducting business in this district, with respect to the allegations in this Complaint.

## BACKGROUND FACTS

7. Roadie is an "on-the-way" delivery network, which makes use of excess capacity in vehicles already on the road, providing its users with cost effective, same day delivery, from third-party drivers delivering items on trips they were already taking. Roadie's web, iOS, or Android app allows users to get free estimates, set up, and bid on deliveries ("Gigs").

8. Roadie is revolutionizing the way consumer and businesses send oversized, heavy, or awkwardly shaped items, saving time and money.  Roadie has achieved commercial success over a relatively short period of time due to its novel business model, and the high quality and effectiveness of its delivery network.

9. In response to the growing popularity of the Roadie delivery network, Bags sent Roadie on July 6, 2017 a threatening letter, wrongfully accusing Roadie of infringing the '336

patent based on Roadie's use of its delivery network. A true and correct copy of the July 6 letter is attached hereto as Exhibit B.

10. On the same day, a patent infringement suit was filed against Roadie by Baggage in the U.S. District Court for the Middle District of Florida (the "Florida action"), accusing Roadie of infringing the '336 patent. A true and correct copy of the complaint in the Florida action is attached hereto as Exhibit C.

11. In the Florida action, Baggage admits that that the '336 patent "is currently assigned to an entity named 'Bags, Inc.'" and that "this entity does not exist." Ex. C, ¶ 9. Therefore, Baggage, as the sole plaintiff in the Florida action, has no apparent standing to sue for infringement.

12. A justiciable controversy exists as to whether Roadie is infringing any valid and enforceable patent rights owned by either Bags or Baggage, as both entities have made claims of infringement against Roadie.

13. Roadie's use of its delivery network does not infringe any valid patent rights owned by either Bags or Baggage, including any valid and enforceable patent claims identified by Bags in its July 6, 2017 letter to Roadie. Accordingly, Roadie respectfully requests that the Court issue a declaratory judgment confirming that Roadie is not infringing any valid and enforceable patent rights of Bags or Baggage as a result of Roadie's sales, use, provisioning, or offers for sale of its delivery network and/or any services associated with its delivery network.

**COUNT I – DECLARATORY JUDGMENT OF**
**NON-INFRINGEMENT OF U.S. PATENT NO. 9,659,336**

14. Roadie re-alleges paragraphs 1 through 13 above as if fully set forth herein.

15. Roadie is not infringing any valid and enforceable claim of the '336 patent.

16. For example, with respect to independent claim 1 of the '336 patent, Roadie's delivery network does not include at least the claim limitation "a server having a processor and a transceiver configured to transmit and receive communications to and from a passenger computing device associated with a passenger," as that limitation is used in the '336 patent.

17. With respect to independent claim 7 of the '336 patent, Roadie does not perform at least the claim limitation of "transmitting . . . at least a portion of the baggage information and the delivery person information to a passenger computing device associated with the passenger," as that limitation is used in the '336 patent.

18. With respect to independent claim 13 of the '336 patent, Roadie's delivery network does not include at least the claim limitation "transmitting and receiving communications . . . to and from a passenger computing device associated with a passenger," as that limitation is used in the '336 patent.

19. A substantial, immediate, and real controversy therefore exists between the parties regarding infringement of the '336 patent. A judicial declaration is necessary to determine the parties' respective rights regarding the '336 patent.

20. Roadie seeks a judgment declaring that it does not infringe any claim of the '336 patent.

**COUNT II – DECLARATORY JUDGMENT OF
INVALIDITY OF U.S. PATENT NO. 9,659,336**

21. Roadie re-alleges paragraphs 1 through 20 above as if fully set forth herein.

22. The claims of the '336 patent are invalid under 35 U.S.C. §§ 101, 102, 103 and/or 112.

23. For example, the claims of the '336 patent are invalid under 35 U.S.C. § 101, as they are directed to the abstract idea of tracking the location of baggage, and as such are drawn to non-statutory subject matter.

24. Moreover, the claims of the '336 patent are invalid under 35 U.S.C. §§ 102 and/or 103, and they are anticipated by, or obvious in view of, multiple prior art references, including U.S. Patent No. 5,866,888 (Bravman), U.S. Patent No. 6,845,293 (Ananda) and U.S. Published Application No. US2005/0251330 (Waterhouse).

25. A substantial, immediate, and real controversy therefore exists between the parties regarding the validity of the '336 patent. A judicial declaration is necessary to determine the parties' respective rights regarding the '336 patent.

26. Roadie seeks a judgment declaring that the claims of the '336 patent are invalid.

## COUNT III – DECLARATORY JUDGMENT OF UNENFORCEABILITY OF U.S. PATENT NO. 9,659,336

27. Roadie re-alleges paragraphs 1 through 26 above as if fully set forth herein.

28. The '336 patent is unenforceable due to inequitable conduct perpetrated at the U.S. Patent and Trademark Office ("USPTO") during prosecution of the application which led to the '336 patent.

29. Specifically, the applicant made false statements to the USPTO regarding the small entity status of the applicant, benefiting from reduced filing fees during prosecution.

30. The applicant submitted a "Notice of Loss of Entitlement to Small Entity Status" only six days after it had been notified that the patent application would issue as the '336 patent.

31. Upon information and belief, such statements were made with deceptive intent, as there had been no change in status of the applicant, and the applicant fully intended to cheat the USPTO out of the required statutory fees.

32.     A substantial, immediate, and real controversy therefore exists between the parties regarding the validity of the '336 patent. A judicial declaration is necessary to determine the parties' respective rights regarding the '336 patent.

33.     Roadie seeks a judgment declaring that the claims of the '336 patent are invalid.

### **REQUEST FOR RELIEF**

A.      A declaratory judgment that it is not infringing any Bags or Baggage patent rights, specifically, any valid and enforceable claims of the '336 patent;

B.      A declaratory judgment that the allegedly infringed claims of the '336 patent are invalid in light of 35 U.S.C. §§ 101, 102, 103 and/or 112;

C.      A declaratory judgment that the '336 patent is unenforceable;

D.      A permanent injunction enjoining Bags and/or Baggage, any affiliate of Bags and/or Baggage, and/or their respective officers, directors, employees, contractors, agents or other representatives, from asserting, to Roadie or its customers, that Roadie's sales, use, provisioning or offering for sale its delivery network and associated services constitute infringement of the patent rights of Bags and/or Baggage;

E.      For an award to Roadie of its reasonable attorneys' fees and costs pursuant to 35 U.S.C. § 285 or as otherwise permitted by law; and

F.      For such other and further relief that the Court deems just and proper.

## JURY DEMAND

Roadie demands a trial by jury on all issues presented in this Complaint.

| | |
|---|---|
| OF COUNSEL: | YOUNG CONAWAY STARGATT & TAYLOR, LLP |
| Edward A. Pennington<br>John P. Moy<br>John P. Pennington<br>SMITH, GAMBRELL & RUSSELL, LLP<br>1055 Thomas Jefferson Street, NW, Suite 400<br>Washington, DC  20007<br>Tel:  202-263-4300<br>Fax: 202-263-4329<br>epennington@sgrlaw.com<br>jmoy@sgrlaw.com<br>jpennington@sgrlaw.com | */s/ Pilar G. Kraman*<br>Adam W. Poff (No. 3990)<br>Pilar G. Kraman (No. 5199)<br>Rodney Square<br>1000 N. King Street<br>Wilmington, DE 19801<br>(302) 571-6600<br>apoff@ycst.com<br>pkraman@ycst.com<br><br>*Attorneys for Roadie, Inc.* |

Dated: August 3, 2017